UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT BRADY | * | CIVIL ACTION |
| VERSUS | * | NO. 23-7005 |
| IAT INSURANCE GROUP | * | SECTION "J" (2) |

## ORDER AND REASONS

Before me is Plaintiff Robert Brady's Motion for Leave to File Amended Complaint and Amend Case Caption. ECF No. 13. This motion was scheduled for submission on March 13, 2024. As of this date, no party has filed an Opposition Memorandum, and the deadline for filing same expired on Tuesday, March 5, 2024. *See* E.D. La. L.R. 7.5.

Having considered the record, the argument of counsel, the lack of opposition, and the applicable law, and after finding that the motion has merit, the Motion is GRANTED for the reasons that follow.

## LAW AND ANALYSIS

Plaintiff Robert Brady filed suit in state court against IAT Insurance Group seeking to recover for property damages caused by Hurricane Ida. ECF No. 1-1. Defendant removed the case to this Court. ECF No. 1. After removal, Plaintiff learned that the named defendant IAT Insurance Group is a holding company and the actual issuer of the insurance policy at issue is its subsidiary Occidental Fire & Casualty Company of North Carolina. ECF No. 13-1 at 2. Plaintiff seeks leave to file an Amended Complaint substituting the proper defendant and to amend the case caption to reflect the proper defendant. *Id*. at 1. Although Plaintiff indicates Defendant refused to consent to the amendment, Defendant has not filed an Opposition Memorandum or otherwise set forth any basis for objection.

No Scheduling Order has been issued, and thus, this request to amend is governed by FED. R. CIV. P. 15(a) rather than the more stringent good cause requirements FED. R. CIV. P. 16(b). *See S & W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) (Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and allows modification "only for good cause and with the judge's consent;" the more liberal standard of Rule 15(a) applies to the court's decision to grant or deny leave only after the movant demonstrates good cause to modify the scheduling order) (citing FED. R. CIV. P. 16(b)).

Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires."[1] The five relevant considerations for examination by the court in determining whether to grant leave to amend a complaint are: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.[2] Given Rule 15(a)'s "bias in favor of granting leave to amend,'" absent a "substantial reason," the court's discretion "is not broad enough to permit denial."[3]  Given the early stage of this case and the failure to identify any reason for opposition to the motion, there is no "substantial reason" to deny Plaintiff's request for leave to amend under Rule 15(a).

---

[1] FED. R. CIV. P. 15(a)(2).  Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173–74 (5th Cir. 2006).  The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)).  A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility. *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).
[2] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (*citing Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).
[3] *Id*. at 595 (citation omitted); *Mayeaux*, 376 F.3d at 425 (footnote omitted) (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Co*., 195 F.3d 765, 770 (5th Cir. 1999); *Stripling,* 234 F.3d at 872).

Accordingly, for the foregoing reasons and considering the record, the submission and argument of counsel, the lack of opposition filed by any party, the failure to demonstrate of prejudice from granting leave to amend, and the applicable law,

IT IS ORDERED that Plaintiff's Motion for Leave to File Amended Complaint and Amend Case Caption (ECF No. 13) is GRANTED;

IT IS FURTHER ORDERED that the Clerk file Plaintiff's Proposed Amended Complaint (ECF No. 13-2) into the court record.

IF IS FURTHER ORDERED that the caption of this matter be amended to read:

UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT BRADY | * | CIVIL ACTION |
| VERSUS | * | NO. 23-7005 |
| OCCIDENTAL FIRE AND CASUALTY COMPANY OF NORTH CAROLINA | * | SECTION "J" (2) |

New Orleans, Louisiana, this 13th day of March, 2024.

DONNA PHILLIPS CURRAULT<br>UNITED STATES MAGISTRATE JUDGE

3