UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT BRADY | * | CIVIL ACTION |
| VERSUS | * | NO. 23-7005 |
| IAT INSURANCE GROUP, ET AL. | * | SECTION "J" (2) |

**ORDER AND REASONS**

Pending before me is Defendant Occidental Fire & Casualty Company of North Carolina's Motion to Opt Out of Streamlined Settlement Program. ECF No. 35. Although the deadline for filing an Opposition Memorandum expired on Tuesday, December 31, 2024 under Local Rule 7.5, Plaintiff did not file an Opposition Memorandum until Friday, January 3, 2025. ECF No. 40. Defendant filed a Reply Memorandum. ECF No. 41.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendants' Motion to Opt Out (ECF No. 35) is DENIED for the reasons stated herein.

**I.   BACKGROUND**

Plaintiff Robert Brady filed suit in state court on August 28, 2023, seeking to recover for losses incurred as a result of Hurricane Ida and alleging coverage under an insurance policy allegedly issued by Defendant IAT Insurance Group. ECF No. 1-1 ¶ 5. After removal, on March 13, 2024, Plaintiff filed an Amended Complaint naming Occidental Fire & Casualty Company of North Carolina and alleging that it was his insurer. ECF No. 15 ¶ 5.

On August 23, 2024, Judge Barbier denied Defendant Occidental's motion to dismiss under Federal Rules of Civil Procedure 4(m), 12(b)(5) and 12(b)(6) as premature based on the Court's Hurricane Ida Case Management Order's automatic stay pending the parties' participation in the Streamlined Settlement Program ("SSP") because no party timely sought to opt-out of same. ECF

1

No. 25; *see also* ECF No. 18. Judge Barbier denied Occidental's Motion for Certificate of Appealability on October 2, 2024. ECF Nos. 26, 29.

Plaintiff requested issuance of Summons to Occidental, and within 15 days of service, Occidental filed this Motion to Opt-Out. ECF Nos. 30, 34, 35. Occidental argues that it has good cause to opt-out of the SSP to pursue its dispositive motion. ECF No. 35-1 at 5-6. It argues that Plaintiff failed to timely serve it, and Plaintiff's claims are prescribed and do not relate back to his original suit against IAT. *Id.* at 6. Thus, it seeks leave to opt out of the SSP to pursue its dispositive motion. ECF No. 35.

In his late Opposition, Plaintiff argues that, because counsel represents both IAT and Occidental and no party filed a responsive pleading within 60 days of IAT's removal, as required by section 3 of the CMO, this Motion to Opt-Out is untimely. ECF No. 40 at 1-2. Plaintiff further argues that Occidental has otherwise failed to comply with the CMO. *Id.* at 2-3.

In Reply, Occidental argues that Plaintiff's Opposition Memorandum is untimely and that it timely sought to opt-out within CMO's 60 day response period. ECF No. 41 at 1-3.

II.   **APPLICABLE LAW & ANALYSIS**

Initially, Plaintiff failed to file a timely Opposition. Although the Court has authority to grant a motion as unopposed, it is not required to do so.[1]

On August 26, 2022, this Court adopted CMO No. 1 to govern Hurricane Ida claims. CMO No. 1 includes provisions for certain mandatory initial disclosures as well as a SSP that requires parties to engage in informal settlement conferences as well as court-ordered mediation. *See* Sections 1, 3. Although parties may generally not opt out of the mandatory initial disclosures set

---

[1] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993). Particularly with regard to dispositive motions, the Fifth Circuit has made clear that the failure to oppose a motion alone is insufficient to support the granting of same. *See, e.g.*, *Johnson v. Pettiford*, 442 F.3d 917, 919 (5th Cir. 2006); *Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001); *John v. State of La. (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985).

forth in Section 1, within 15 days of the responsive pleading or entry of the CMO, a party may seek to opt-out of the SSP in Section 3 upon a showing of good cause. *See* Section 3.

Requiring the parties to proceed with the SSP when the plaintiff is alleged to have no viable claim has been found to be contrary to the goals of the CMO.[2] Thus, while the CMO does not define the term "good cause," courts have found good cause to opt-out of the SSP when an insurance policy contains a mandatory arbitration provision enforceable under the Convention of the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), 9 U.S.C. §§ 201-09,[3] or when there is a threshold issue of whether the plaintiffs are covered insureds under a policy.[4] Thus, when a case involves a preliminary, determinative legal issue such as coverage, allowing the parties to opt-out to obtain a decision on that issue makes sense. When, however, the potentially determinative motion practice involves disputed factual or legal issues such as that inherent in the Rule 15(c) analysis, that is the type of costly and time-consuming motion practice that the CMO was designed to avoid. The parties may factor the risks associated with whether the claim relates back into their settlement positions during the SSP process.

---

[2] *Okpalobi v. Am. Nat'l Prop. & Cas. Co.*, No. 23-6691, 2024 WL 838464, at *9 (E.D. La. Feb. 28, 2024) (Brown, C.J.).

[3] *See Dupuy Storage & Forwarding, LLC v. Certain Underwriters at Lloyd's*, Civ. No. 22-4546 (E.D. La. Dec. 16, 2022), ECF No. 13 at 5 (citing *McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 430–31 (5th Cir. 2019) (citing LA. REV. STAT. § 22:868(A)(2); *Doucet v. Dental Health Plans Mgmt. Corp.*, 412 So. 2d 1383, 1384 (La. 1982) (holding that classification of a contract as an insurance contract renders the arbitration provisions unenforceable under § 22:868))); *City of Kenner v. Certain Underwriters at Lloyd's London*, No. 22-2167, 2022 WL 16961130, at *2 (E.D. La. Nov. 16, 2022) (Vance, J.) (citation omitted). In *S.K.A.V., L.L.C. v. Indep. Specialty Ins. Co.*, 103 F.4th 1121 (5th Cir. 2024), the Fifth Circuit made an *Erie* guess that LA. REV. STAT. § 22:868 voids arbitration provisions in contracts for surplus lines insurance. While this decision would impact the continued viability of arbitration motions, it does not impact this Court's "good cause" analysis.

[4] *Jupiter v. Tower Hill Prime Ins. Co.*, No. 23-4862, 2024 WL 1092921, at *1 (E.D. La. Mar. 13, 2024) (citing *Okpalobi*, 2024 WL 838464, at *9) (finding good cause where motion to dismiss raised threshold coverage issue).

### III.     CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant's Motion to Opt-Out of the Streamlined Settlement Program (ECF No. 35) is DENIED.

New Orleans, Louisiana, this ___8th___ day of January, 2025.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE